UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE McCULLOM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SEAN WHENT, et. al.,<br><br>　　　　Defendants. | Case No.   16-cv-1249-TEH<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND<br><br>Dkt. No. 7 |

　　　Plaintiff, a detainee, filed this pro se civil rights action under 42 U.S.C. § 1983.  The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

I

　　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II

Plaintiff alleges that police officers conducted an illegal search and other illegal acts that led to his arrest.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional

prohibitions." Younger, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, see Mockaitis v. Harcleroad, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing Younger, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, see Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. See Hirsh v. Justices of the Supreme Court of Cal., 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

Plaintiff argues that several police officers falsified police reports, committed perjury, and lied to a magistrate judge in order to get a search warrant which led to his arrest. For relief in this action, Plaintiff seeks the police officers to be found guilty and fired and he seeks four million dollars in damages. Plaintiff is currently being held in Santa Rita County Jail. It is not clear if the criminal prosecution is ongoing or if he has already been convicted.

The amended complaint is dismissed with leave to amend to provide more information. If Plaintiff has been convicted he must show why this case should not be dismissed pursuant to Heck.

If the prosecution is ongoing Plaintiff must discuss why Younger abstention is not appropriate to the extent he seeks this Court to intervene.

### III

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's motion for an extension (Docket No. 7) is GRANTED and Plaintiff may file a second amended complaint as discussed below

2. Plaintiff's first amended complaint is DISMISSED WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT, within twenty-eight days containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action. The pleading must state clearly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. See Leer, 844 F.2d at 634. The pleading must include the caption and civil case number used in this order and the words COURT ORDERED SECOND AMENDED COMPLAINT on the first page. Plaintiff is advised that he must file all of his claims in one complaint and not present them piecemeal to the Court in various letters and other documents. Failure to file a proper Second Amended Complaint within twenty-eight days of this order will result in the dismissal of this action.

3. Plaintiff is advised that the Second Amended Complaint will supersede the original First Amended Complaint and all other pleadings. Claims and defendants not included in the Second Amended Complaint will not be considered by the Court. See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For

4

claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

4. It is Plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 6/1/2016

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.16\McCullom1249.dwlta2.docx