UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEE McCULLOM,

      Plaintiff,

    v.

SEAN WHENT, et. al.,

      Defendants.

Case No.   16-cv-1249-TEH

ORDER OF DISMISSAL

Plaintiff, a detainee, filed this pro se civil rights action under 42 U.S.C. § 1983.  The first amended complaint was dismissed with leave to amend and Plaintiff has filed a second amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

United States District Court
Northern District of California

1   1990).

2        To state a claim under 42 U.S.C. § 1983, a plaintiff must

3   allege two essential elements:  (1) that a right secured by the

4   Constitution or laws of the United States was violated, and (2)

5   that the alleged violation was committed by a person acting under

6   the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

7                                II

8        Plaintiff alleges that police officers conducted an illegal

9   search and other illegal acts that led to his arrest.

10        In order to recover damages for an allegedly

11   unconstitutional conviction or imprisonment, or for other harm

12   caused by actions whose unlawfulness would render a conviction or

13   sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that

14   the conviction or sentence has been reversed on direct appeal,

15   expunged by executive order, declared invalid by a state tribunal

16   authorized to make such determination, or called into question by

17   a federal court's issuance of a writ of habeas corpus.  Heck v.

18   Humphrey, 512 U.S. 477, 486-487 (1994).  A claim for damages

19   bearing that relationship to a conviction or sentence that has

20   not been so invalidated is not cognizable under § 1983.  Id. at

21   487.

22        Under principles of comity and federalism, a federal court

23   should not interfere with ongoing state criminal proceedings by

24   granting injunctive or declaratory relief absent extraordinary

25   circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).

26   Federal courts should not enjoin pending state criminal

27   prosecutions absent a showing of the state's bad faith or

28   harassment, or a showing that the statute challenged is

United States District Court
Northern District of California

"flagrantly and patently violative of express constitutional prohibitions." <u>Younger</u>, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, <u>see</u> <u>Mockaitis v. Harcleroad</u>, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing <u>Younger</u>, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, <u>see</u> <u>Gibson v. Berryhill</u>, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. <u>See</u> <u>Hirsh v. Justices of the Supreme Court of Cal.</u>, 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

Plaintiff argues that several police officers falsified police reports, committed perjury, and lied to a magistrate judge in order to get a search warrant which led to his arrest. For relief in this action, Plaintiff previously sought the police officers to be found guilty and fired and he seeks four million dollars in damages. Plaintiff is currently being held in Santa Rita County Jail. It is not clear if the criminal prosecution is ongoing or if he has already been convicted.

The first amended complaint was dismissed with leave to amend to provide more information. Plaintiff was told to

United States District Court
Northern District of California

3

indicate if there was an ongoing prosecution or if he had been convicted.  He was told that if he had been convicted he must show why this case should not be dismissed pursuant to <u>Heck</u>.  If the prosecution is ongoing he was told that he must discuss why <u>Younger</u> abstention is not appropriate to the extent he seeks this Court to intervene.

The second amended complaint has failed to cure the deficiencies of the prior complaints.  If Plaintiff has already been convicted he has not demonstrated that the conviction has been reversed or expunged.  To the extent that the prosecution may be ongoing Plaintiff has failed to demonstrate extraordinary circumstance to warrant federal court intervention.  Because Plaintiff has already been provided several opportunities to amend and allowing any further amendment would be futile this case is dismissed without leave to amend.  If Plaintiff is not convicted or the conviction is reversed or expunged he may re-file this case.

### III

For the foregoing reasons, the Court hereby orders as follows:

    1.  This action is DISMISSED.

    2.  The Clerk shall close this case.

    IT IS SO ORDERED.

Dated: 6/28/2016

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.16\McCullom1249.dis.docx

United States District Court
Northern District of California

4